UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ANTONI JOSE HERNANDEZ-GOMEZ,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-831

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

I.      **Procedural History**

In Petitioner's § 2241 petition and brief, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.18–19; Br., ECF No. 3.)

On March 18, 2026, Respondents filed their response. (ECF No. 5.) Petitioner submitted a reply later the same day. (ECF No. 6.) In an order entered on March 19, 2026, the Court directed

Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 7.) On March 23, 2026, Respondents submitted an audio recording of the bond hearing. (ECF No. 8.) On March 25, 2026, Petitioner submitted a supplemental reply based on that audio recording. (ECF No. 9.)

**II.       Relevant Factual Background**

Petitioner is a citizen of Venezuela who entered the United States in 2023. (Pet., ECF No. 1, PageID.2.) On January 26, 2026, Petitioner was arrested by ICE while working as a delivery driver. (*Id.*; PageID.9.)

On February 12, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Hernandez-Gomez v. Raycraft* (*Hernandez-Gomez I*), No. 1:26-cv-549 (W.D. Mich.). In *Hernandez-Gomez I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Hernandez-Gomez I*, (W.D. Mich. Mar. 5, 2026), (ECF Nos. 9, 10).

On March 12, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Resp., ECF No. 5, PageID.45.) At the hearing, Petitioner presented evidence that he "has a sponsor, submitted letter of support, has been compliant with immigration authorities, and has his wife and son present in the United States who depend on him as their primary provider." (Pet., ECF No. 1, PageID.2.) At the conclusion of the March 12, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, finding that Petitioner is a flight risk. (Immigration Judge Order, ECF No. 1-1, PageID.21–22.)

**III.    Discussion**

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on March 12, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

### Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:        April 2, 2026                          /s/ Jane M. Beckering
                                                                    Jane M. Beckering
                                                                    United States District Judge